UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LEWIS #150709,

        Petitioner,                      No. 87-CV-72050-DT

vs.                                    Hon. Gerald E. Rosen

SHIRLEE HARRY,

        Respondent.[1]
_____/

MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
RULE 60(b)(6) MOTION FOR RELIEF FROM JUDGMENT

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     September 3, 2009

        PRESENT:  Honorable Gerald E. Rosen
                            Chief Judge, United States District Court

        This matter is presently before the Court on Petitioner Charles Lewis's April 13, 2009 Rule 60(b)(6) Motion for Relief from Judgment in which Petitioner seeks to re-open his 1987 habeas corpus action "to determine whether his conviction was constitutionally void when the writ was filed." This is the fifth such motion filed by Petitioner following his filing of a second habeas action in 1996 (No. 96-CV-71252-DT) which, in June 1997,

---

      [1] When Petitioner filed his petition for a writ of habeas corpus, the warden of the facility where he was incarcerated was John Jabe. Subsequently Petitioner was transferred to the Muskegon Correctional Facility in Muskegon, Michigan, which is where is currently incarcerated. Because of Petitioner's transfer, Shirlee Harry, the warden at the Muskegon Correctional Facility is the proper Respondent in this action.

upon transfer to the Sixth Circuit for a decision whether Petitioner should be permitted to go forward with his second petition, the Court of Appeals denied authorization.  All of Petitioner's subsequent motions for relief from judgment/to re-open writ have been denied by this Court and appeals of each of them have been rejected by the Sixth Circuit Court of Appeals.

Both the U.S. Supreme Court and this Court have repeatedly held that relief under Rule 60(b) is "extraordinary relief" to be granted only in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986).

Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity <u>mandate</u> relief."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).  A claim of simple error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b).  *Pierce v. UMW Welfare & Retirement Fund, supra*, 770 F.2d at 451.

Petitioner has not shown such exceptional circumstances.  Rather, all he has done is argue the same issues he previously argued.  He presents no new law nor any new evidence supporting his bare assertions that his conviction was "constitutionally void." Though Petitioner obviously disagrees with the outcome of his state court trial and this Court's -- and the Sixth Circuit's -- previous decisions with respect to his habeas petition,

such disagreement is insufficient to warrant the exceptional relief he seeks.

For all of these reasons,

IT IS HEREBY ORDERED that Petitioner's Rule 60(b)(6) Motion for Relief from Judgment **[Dkt. # 107]** is DENIED.

IT IS FURTHER ORDERED that Petitioner is ENJOINED from filing any further motions in this case without first seeking and obtaining leave of this Court.  Such leave shall not be granted unless Petitioner can show (i) that the issues he seeks to present have not yet been addressed in the Court's prior rulings, and (ii) that his filing is made in good faith and the issues he raises are neither frivolous nor abusive of the judicial process.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED

       s/Gerald E. Rosen  
       Chief Judge, United States District Court

Dated:  September 3, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on  September 3, 2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system  and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
   Charles Lewis, #150709, Muskegon Correctional Facility, 2400 South Sheridan, Muskegon, MI 49442          .

       s/Ruth A. Brissaud  
       Ruth A. Brissaud, Case Manager  
       (313) 234-5137